IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TREVOR KELLEY,<br><br>                         *Plaintiff*,<br>v.<br><br>CHARLES R. and JANE DOE SPARRER, Husband and Wife, d.b.a. McDonald's of Taylorsville 6384,<br><br>                         *Defendant*. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-00688<br><br>District Judge Jill N. Parrish |

## I.    INTRODUCTION

On June 26, 2017, Plaintiff Trevor Kelley sued Charles R. and Jane Doe Sparrer d.b.a. McDonald's of Taylorsville 6384 (the "Sparrers"). Mr. Kelley requires the use of a wheelchair, and he alleges that he encountered various "architectural barrier," such as bathroom mirrors that were too high, when he visited the McDonald's of Taylorsville. Based on the architectural barriers he encountered, Mr. Kelley alleges that the Sparrers violate the American with Disabilities Act (the "ADA"). The Sparrers have moved for summary judgment. They argue that they removed the architectural barriers from the McDonald's of Taylorsville, rendering Mr. Kelley's claims moot. The court agrees.

## II.    UNDISPUTED FACTS

1. The Sparrers operate a McDonald's located in Taylorsville, Utah.

2. On June 6, 2017, Mr. Kelley filed a lawsuit against the Sparrers.

3. Mr. Kelley alleged two violations of the ADA:

    a. "Failure to provide accessible parking space identification signs 60 inches (1525 mm) above the finish floor or ground surface as required by 36 C.F.R. 1191, Appendix D, Guideline 502.6"; and

    b. "Failure to locate mirrors over lavatories and countertops with the bottom edge of the reflecting surface no greater than 40 inches (1015 mm) above the ground as required by 36 C.F.R. Part 1191, Appendix D, Guideline 603.3."

4. On or about October 10, 2017, the Sparrers permanently installed accessible parking space identification signs that are sixty inches above the ground surface.[1]

5. On or about January 3, 2018, the Sparrers permanently installed new mirrors over the lavatories and countertops with the bottom edge of the reflective surface no more than forty inches above the ground.[2]

6. The Sparrers paid $690 to install new mirrors and parking signs.

### III. DISCUSSION

The Sparrers moved for summary judgment. They contend that they removed the architectural barriers of which Mr. Kelley complained, rendering Mr. Kelley's claims moot. A case is moot when intervening events have remedied the effect of an alleged violation and there is no reasonable expectation that the alleged violation will recur. That standard has been met here: the Sparrers permanently removed the architectural barriers of which Mr. Kelley

---

[1] Mr. Kelley attempts to dispute this fact by claiming, without citing any evidence, that the Sparrers have "not provided evidence of remediation." But this is inaccurate. The Sparrers produced a declaration in which an employee from a construction contracting company stated, "I personally verified [that the Sparrers] provided accessible parking space identification signs, 60 inches above the ground." Mr. Kelley seems to take issue with the fact that there are no photographs of the parking signs in the record. But the court is unaware of a rule that requires that parties establish certain facts with photographs, in addition to sworn statements.

[2] Mr. Kelley attempts to dispute this fact by claiming that "discovery has not yet been conducted to determine if this factoid is in fact still disputed." But that is not a valid basis to dispute a fact. *See* Fed. R. Civ. P. 56(c)(1).

complained, and there is no reasonable expectation that the Sparrers will undo what they have done. Accordingly, Mr. Kelley's claims are moot and the court lacks subject matter jurisdiction.

### A. MR. KELLEY'S REQUEST FOR ADDITIONAL DISCOVERY

Mr. Kelley requests that the court deny or defer ruling on the Sparrers' motion until Mr. Kelley can conduct additional discovery. Specifically, Mr. Kelley requests more time to "conduct necessary discovery on material and disputed facts which are essential to justify [his] position." But Mr. Kelley's request is deficient because he has not specifically identified the facts he seeks to discover, among other things.

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order." The affidavit or declaration must: (1) identify the probable facts not available, (2) state why those facts cannot be presented currently, (3) state the steps taken to obtain those facts, and (4) state how additional time will permit the non-movant to obtain the facts and rebut the motion for summary judgment. *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016).

Here, the declaration filed by counsel for Mr. Kelley—James K. Ord, III—fails to make the requisite showing. *First*, Mr. Ord does not identify the probable facts that are not available at this time. Rather, Mr. Ord states in a conclusory fashion that "only a minimal record exists" to rebut the Sparrers' factual contentions. *Second*, Mr. Ord does not state why he was unable to discover the "facts" he now seeks. In fact, counsel for the Sparrers has filed a declaration in which he states that "[t]o the best of [his] knowledge, [he] ha[s] not received any requests for production of documents, interrogatory requests, requests for admission, requests for inspection . . . , or a request for a deposition" from Mr. Ord. In short, it appears that Mr. Ord cannot explain

why he was unable to discover relevant facts because he has not engaged in any formal discovery. *Third*, Mr. Ord has not explained the steps he took to discover the information he intends to seek—presumably because he has taken none. *Fourth and finally*, Mr. Ord has not stated how additional time will allow him to discover facts to rebut the pending motion—presumably because he has no plans to conduct additional discovery. "Although discovery is the norm prior to granting summary judgment, [Mr. Ord's] mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion." *Trans-W. Petro., Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016). Accordingly, Mr. Ord's request that the court deny or defer ruling on the Sparrer's motion is denied.

### B. MOOTNESS

Article III of the United States Constitution limits the jurisdiction of federal courts to those matters that present an actual case or controversy. *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). When subsequent events render a case moot, there is no justiciable controversy and the case must be dismissed. *Id.* at 172. And when a party seeks equitable relief only, as is the case here, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects. *Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991) (citation omitted).

As a general rule, voluntary cessation of unlawful conduct does not render a case moot. *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). But a defendant's voluntary actions do render a case moot if the court determines: (1) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation; and (2) there is no reasonable

expectation that the alleged violation will recur. *Id.*[3] In the ADA context, the second element is typically established when there are "changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct." *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004).

Here, the Sparrers have satisfied the first prong of the mootness analysis because they removed the two architectural barriers of which Mr. Kelly complained. *First*, the Sparrers permanently installed accessible parking space identification signs that are 60 inches above the ground. *Second*, the Sparrers permanently installed mirrors located above the bathroom countertops that are less than 40 inches above the ground. Accordingly, the first prong of the mootness analysis is satisfied because the Sparrers eradicated the effects of the alleged violations, thereby ensuring that Mr. Kelley (and those similarly situated) will enjoy equal access to the McDonald's of Taylorsville. *Cf. Balt. Neighborhoods, Inc. v. LOB, Inc.*, 92 F. Supp. 2d 456, 462 (D. Md. 2000) (effects of ADA violations were eradicated because the sales office that violated the ADA was closed and the plaintiffs could not recover damages or civil penalties under the ADA).

The court now turns to the second prong: whether there is no reasonable expectation that the alleged violation will recur. The Sparrers have made permanent changes to the McDonald's of Taylorsville; the changes cost them $690. There is no reason to think that the Sparrers would expend time and resources to remove the structural modifications they installed. Doing so, would expose the Sparrers to the very type of liability that they seek to avoid here. Notably, Mr. Kelley offers no reason as to why the Sparrer would willingly violate the ADA after spending $690 to

---

[3] The question of whether there is no reasonable expectation that an alleged violation will recur is "squarely a legal determination." *Brown v. Buhman*, 822 F.3d 1151, 1168 (10th Cir. 2016) (quoting *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1188 n.15 (11th Cir. 2007)).

bring the McDonald's of Taylorsville into compliance. Accordingly, there is no reasonable expectation that the alleged violations will recur. *See Tandy*, 380 F.3d at 1291 (generally there is no reasonable expectation that an ADA violation will recur when there are "changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct").

Mr. Kelley's argument that he has standing to sue for yet-undiscovered barriers at the McDonald's of Taylorsville is without merit. Mr. Kelley identified two barriers in his complaint. Those barriers have been removed. Mr. Kelley is more than welcome to return to the McDonald's of Taylorsville to investigate whether the Sparrers comply with other provisions of the ADA, but he will need to file a subsequent lawsuit if he intends to allege additional violations.

In sum, the Sparrers have shown that (1) they removed the architectural barriers of which Mr. Kelley complained and (2) there is no reasonable likelihood that the alleged violations will recur. Accordingly, the case is moot and the court lacks subject matter jurisdiction.[4]

---

[4] The Sparrers raise their mootness argument in a motion for summary judgment. Generally, parties move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). But a court is required "to convert Rule 12(b)(1) motions to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.* Presumably, the Sparrers filed a motion for summary judgment because they believe that the jurisdictional question is intertwined with the merits. Moreover, Mr. Kelley has not argued that Rule 56 is an improper vehicle for the Sparrers' argument. Regardless, whether the court treats the Sparrers' motion as a motion under Rule 12(b)(1) or one under Rule 56, the court reaches the same result: the case is moot.

C. ATTORNEYS' FEES

The Sparrers argue that the court should deny Mr. Kelley's request for attorneys' fees. But Mr. Kelley has made no such request. So the Sparrers' argument is premature. The court will determine whether Mr. Kelley is entitled to attorneys' fees if and when he requests them.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the court HEREBY ORDERS:

1. Mr. Kelley's Motion for Fed. R. Civ. P. 56(d) Relief (ECF No. 27) is DENIED;

2. The Sparrers' Motion for Summary Judgment (ECF No. 21) is GRANTED;

3. The court lacks subject matter jurisdiction and the case is therefore DISMISSED WITHOUT PREJUDICE; and

4. The Sparrers' request that the court deny Mr. Kelley's request for attorneys' fees is DENIED as premature.

Signed June 8, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge